## BOWKER v. HAIGHT & FREESE CO.

(Circuit Court, S. D. New York. June 29, 1906.)

CORPORATIONS—INSOLVENCY PROCEEDINGS.

A federal court which is in charge of the assets of an insolvent corporation by its receivers will not interfere with an action in a state court in which a judgment has been rendered against the corporation by directing it not to appeal therefrom, where such appeal will not involve expense to the estate.

See 140 Fed. 795; 146 Fed. 256.

Wm. P. Maloney, for complainant.

Franklin Bien, for defendants.

LACOMBE, Circuit Judge.   If the Haight & Freese Company, defendant in the state suit, were refusing to appeal from a judgment which was a claim against its assets, this court might instruct the receivers representing the general body of creditors to prosecute such appeal, so as to protect such assets.   But upon what theory it can direct the corporation not to appeal from such judgment, if it chooses to do so at its own expense, is not entirely clear.   Certainly there is no reason why it should do so, or why it should interfere in any way with the state court suit.   As that litigation now stands, there is a judgment which the surety company is bound to pay, and such company holds collateral formerly of Haight & Freese Company out of which to repay itself.   It is now proposed that such collateral be left with the surety company pending an appeal to the state Court of Appeals, and that said company become surety upon such appeal.   It will be for the surety company to determine that question.   If it does not choose to assume the new obligation, it may sell the collateral, pay itself the amount of the judgment, and turn the balance over to the receivers, without prejudice to any claim it may have against the same.   If it chooses to become surety on such appeal, and bond in the sum of $5,-000 be given on behalf of Haight & Freese Company to the receivers, conditioned that in the event of failure to sustain such appeal the obligors will pay to the receivers interest at 6 per cent. on the amount of the judgment, and also the amount of any depreciation in such collateral, application will be entertained to allow the securities to remain with the surety company as collateral for its new bond.

Meanwhile the motion is denied.   The motion to punish Franklin Bien for contempt is denied.   The time to take testimony is apportioned 30 days to complainants for prima facie, 45 days to defendant, and 15 days to complainant for rebuttal, to commence July 2d.   The testimony will be taken before John A. Shields, Esq., as examiner. The final disposition of this cause has been most unconscionably delayed.   Temporary receivers were appointed more than a year ago, and the taking of proofs has not yet begun.   Under these circumstances counsel for both sides are cautioned that they must complete the taking of testimony within the time named.   If the testimony be voluminous, the examiner will sit from day to day and will give morning and afternoon sessions.   No application by either side for an extension of the time for taking testimony will be favorably considered.